IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLARENCE JAMISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-124-SLR |
| | ) |
| DEPARTMENT OF CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of May, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) plaintiff's motions for issuance of subpoena (D.I. 8, 15) are denied without prejudice; (2) plaintiff's amended motion for leave to proceed in forma pauperis (D.I. 11) is granted; (3) plaintiff's motion for injunctive relief (D.I. 12) is denied; (4) plaintiff's request for counsel (D.I. 13) is denied without prejudice to renew; (5) the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be grant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b); and (6) plaintiff is given leave to file an amended complaint, for the reasons that follow:

1. **Background.** Plaintiff Clarence Jamison ("plaintiff"), a former inmate at the Sussex Correctional Institution, Georgetown, Delaware, now released, proceeds pro se. Upon review, the court grants plaintiff's amended application to proceed in district court

without prepaying fees or costs. (D.I. 11) Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 alleging excessive force.[1]

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995)

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

2

(holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff

has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** On December 22, 2011, plaintiff was told by John Doe ("Doe") probation correctional officer[3] to obtain work even though plaintiff is a "disabled/ handicapped person." Plaintiff explained to Doe that he wears a prosthesis on his right leg due to a below-knee amputation. Doe "then sprayed cap-stun mace" in plaintiff's eyes and he was rushed to the medical center. Plaintiff seeks compensatory damages.

7. **Eleventh Amendment.** Plaintiff names as defendants the Delaware Department of Correction ("DOC") and the Sussex Violation of Probation Center ("SVOP"). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

[3]Not named as a defendant.

Delaware, the Department of Correction and the SVOP are provided with immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, 2004 WL 2009362, *4 (D. Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity). The State of Delaware has neither consented to plaintiff's suit nor waived its immunity. Therefore, the claims against the DOC and the SVOP are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) as they are immune from suit.

8. **Personal involvement.** Plaintiff has named Chief of Police John Doe ("Chief Doe") as a defendant, but the complaint contains no allegations directed against him. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 556 U.S. at 676-677; *Rode v. Dellarciprete*, 845 F.2d at 1207). Inasmuch as there are no allegations directed against Chief Doe, he is dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

9. The complaint, as it now stands, fails to state a claim upon which relief can be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that plaintiff may be able to articulate a claim against some present or as-yet-to-be-named defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

10. **Subpoenas**. Plaintiff's requests for issuance of subpoenas are **denied** as premature. (D.I. 8, 15)

11. **Injunctive relief**. Plaintiff's motion for an injunction and permanent no contact order is **denied**. (D.I. 12) Plaintiff seeks an injunction pursuant to the Americans with Disabilities Act ("ADA"). The motion does not indicate against whom the injunction is sought or what type of injunctive relief plaintiff seeks. Plaintiff has failed to meet the requisites for injunctive relief. *See NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).

12. **Request for counsel**. Plaintiff's request for counsel is denied without prejudice to renew. (D.I. 13) Plaintiff requests counsel on the grounds that he is protected under the ADA, he is uneducated, takes prescribed medication, and is recovering from injuries he sustained at the SVOP.

13. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477

(3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

14. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

15. This case is in its early stages, and the complaint will be dismissed with leave to amend. At present, there are no viable defendants. In addition, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

16. **Conclusion**. For the above reasons: (1) plaintiff's motions for issuance of subpoena (D.I. 8, 15) are **denied** without prejudice; (2) plaintiff's amended motion for leave to proceed in forma pauperis (D.I. 11) is **granted**; (3) plaintiff's motion for injunctive relief (D.I. 12) is **denied**; (4) plaintiff's request for counsel (D.I. 13) is **denied** without prejudice to renew; and (5) the complaint is **dismissed** as frivolous and for failure to state a claim upon which relief may be grant pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Plaintiff is given leave to file an amended complaint within **twenty-one (21) days** from the date of this order. If an amended complaint is not timely filed, the court will direct the Clerk of Court to close the case.

_____
UNITED STATES DISTRICT JUDGE